```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                                          )
JOANNA M. SNYDER,                         )
                                          )
          Plaintiff,                      )
                                          )
          v.                              )
                                          )   CIVIL ACTION
SOUTH MIDDLESEX CORRECTIONAL              )   NO. 13-11013-WGY
CENTER,                                   )
                                          )
          Defendants.                     )
                                          )
                                          )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                            November 4, 2013

For the reasons set forth below, the Court grants the plaintiff's motion for leave to proceed in forma pauperis, directs the plaintiff to file an amended complaint, orders that summonses issue, and denies other motions.

I.   **Background**

Joanna M. Snyder brings this action concerning her access to religious materials while she was incarcerated at the South Middlesex Correctional Center ("SMCC"). In her original complaint (#1), she names as defendants SMCC, members of SMCC's staff, and Massachusetts Commissioner of Correction Louis Spencer. Since the filing of the original complaint, Snyder has filed numerous letters and a "Motion to Add Facts" (#20) in which she complains of additional mistreatment by members of the staff of MCI Framingham, where Snyder is currently incarcerated. She also filed a "supplemental complaint" (#11) in which she claims that, since the filing of the original complaint, seven

individuals who were not defendants in the original complaint have illegally inspected her mail, violated state regulations concerning prison disciplinary hearing procedures, and classified her as a "skinhead." In her two additional motions to add defendants (##27, 32), Snyder seeks to add additional defendants, factual allegations, and claims.

Snyder has also filed a motions for leave to proceed <u>in forma pauperis</u> (#3), for appointment of counsel (#2), for service by first class mail (#18), to add another plaintiff and litigate on his behalf (#19), and to preserve evidence (#36).

**II. Discussion**

    **A.   Motion for Leave to Proceed <u>In Forma Pauperis</u>**

Upon review of the plaintiff's motion for leave to proceed <u>in forma pauperis</u>, the Court concludes that the plaintiff is without income or assets to prepay the $350 filing fee. Accordingly, the motion is <u>GRANTED</u>. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $53.85. The rest of the filing fee, $296.15, shall be paid in accordance with 28 U.S.C. § 1915(b)(2).

    **B.   Filing of an Amended Complaint**

As noted above, the docket is full of the plaintiff's attempts--through a "supplemental complaint," letters, and motions--to add parties and claims to the original complaint. However, a complaint cannot be amended in a piecemeal fashion. "An amended complaint, once filed, normally supersedes the antecedent complaint." <u>Connectu LLC v. Zuckerberg</u>, 522 F.3d 82,

91 (1st Cir. 2008).  "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" Id. (quoting Kolling v. Amer. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003)).  While the Federal Rules of Civil Procedure do allow for supplemental pleadings concerning events that "happened after the date of the pleading to be supplemented," supplemental pleadings are permitted only "[o]n motion and reasonable notice." Fed. R. Civ. P. 15(d).  Snyder's "supplemental complaint" was not filed with permission of the Court.

At this point, the only operative pleading in this case is the original complaint.  If Snyder wishes to amend her original complaint, she must file an amended complaint that includes all of the parties, factual allegations, and legal claims that she wishes to be part of the operative complaint.  The Court will not cobble together her numerous submissions to create an operative complaint.  The Court will give Snyder forty-two days to file an amended complaint, if she so desires.  If she wishes to further amend or supplement the complaint after that point, she must do so in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Any amended complaint must comply with the Federal Rules of Civil Procedure concerning the joinder of claims and parties. See Fed. R. Civ. P. 18, 20.  The pleading must also comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that the a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  At a minimum, the complaint must give each defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").  To the extent that Snyder asserts claims under 42 U.S.C. § 1983, she must allege facts from which the Court may reasonably infer that the named defendants were personally involved in any alleged violation of federal rights.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).  Mere supervisory authority over alleged perpetrators is insufficient to impose liability under 42 U.S.C. § 1983.  See id.

    **C.**   **Issuance of Summonses**

Recognizing that Snyder may prefer to serve the original complaint rather than filing an amended complaint, the Court orders that summonses issue as to the defendants in the original complaint.  However, screening the complaint pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A, a summons shall not issue as to SMCC.  Jails and prisons are only buildings; they are not suable entities.  See, e.g., De La Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436 (8th Cir. 2001) (per curiam); Johnson v. Johnson, 2008 WL 2421722, at *3 (E.D. Tenn. June 12, 2008); Prentice v. Jones, 2007 WL 1141595, at *2 (N.D. Ind. Apr. 16, 2007); Larry v. Goetz, 2006 WL 1495784, at *3 (W.D. Wis. May 18, 2006); Mardsen v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

    **D.**    **Other Motions**

        **1.**    **Motion for Appointment of Counsel (#2)**

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to

represent himself.  See id. at 24.  Because the defendants have not been served with or responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.  The motion for counsel is therefore DENIED WITHOUT PREJUDICE.  The plaintiff may renew the motion once the defendants have been served with and have responded to the original or amended complaint.

### 2. Motion to Serve by United States Mail (#18)

Plaintiff asks to be able to serve the defendants by first class mail.  The motion is DENIED as the Federal Rules of Civil Procedure do not allow for service by first class mail.  However, because the Court is allowing the plaintiff's motion for leave to proceed in forma pauperis, the Court will order that the United States Marshals Service complete service, with all costs of service to be advanced by the United States.

### 3. Motion to Add Dominic Shears as a Plaintiff (#19)

**Snyder seeks to add Dominic** A Shears as a plaintiff in this action.  The plaintiff alleges that the defendants' alleged misconduct against her have "directly effect[ed] Mr. Shears and his right to remain free from cruel and unusaul [sic] punishment" during his confinement in another institution.  Snyder also states that she has "power of attorney" and "can make litigation decisions."  The plaintiff attached a power of attorney that appears to be signed by Shear in which Shears gives Snyder authority to pursue claims and litigation on his behalf.

The motion is DENIED.  Even if Shears has signed a power of

attorney giving Snyder authority to litigate on his behalf, a non-attorney cannot litigate on behalf of another person.  See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); LR 83.5.3(c), D. Mass.  Shears may be a plaintiff if addition of him as a party would be in accordance with the rules on joinder of claims and parties, but even then, he would have to sign the amended complaint and would have to sign all papers submitted under his name.

## ORDER

Accordingly:

1.   The motion for appointment of counsel (#2) is DENIED WITHOUT PREJUDICE.

2.   The motion (#3) for leave to proceed in forma pauperis is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $53.85.  The rest of the filing fee, $296.15, shall be paid in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order to the treasurer of the institution having custody of the plaintiff.

3.   South Middlesex Correctional Center shall be dismissed as a defendant.

4.   Summonses shall issue as to the defendants in the original complaint, with the exception of South Middlesex Correctional Center.  The United States Marshals Service shall serve a copy of the summonses, complaint, and this order upon the defendants as directed by plaintiff with all costs of service to

7

be advanced by the United States.

    5.    The plaintiff shall have 120 days from the date of this order to serve the original complaint.  However, the plaintiff if not required to serve the original complaint within 120 days from the date of this order if she files an amended complaint within 42 days of the date of this order.  The amended complaint shall be subject to an initial screening.  <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A.

    6.    The motion to serve by mail (#18) is <u>DENIED</u>.

    7.    The motions to add defendants and facts (##19, 20, 27, 32) are <u>DENIED WITHOUT PREJUDICE</u>.  Parties, factual allegations, and claims may be added by filing an amended complaint in accordance with the Court's order above.  The plaintiff may not litigate claims on behalf of Shears.

    8.    The motion to preserve evidence (#36) is <u>DENIED</u>.


SO ORDERED.

                                           /s/ William G. Young     
                                          WILLIAM G. YOUNG
                                          UNITED STATES DISTRICT JUDGE